**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Reem Bridals, LLC, | Case No. _____ |
| Plaintiff, | |
| v. | |
| The Burlington Insurance Company and Alterra America Insurance Company, | |
| Defendants. | |

**DEFENDANT ALTERRA AMERICA INSURANCE COMPANY N/K/A PINNACLE
NATIONAL INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Alterra America Insurance Company n/k/a Pinnacle National Insurance Company ("Alterra"), through its undersigned counsel, hereby removes this civil action, with reservation of all rights and defenses, from the Supreme Court of the State of New York, County of New York, Index No. 654960/2025 (the "State Court Action"), to the United States District Court for the Southern District of New York, pursuant to Local Civil Rule 81.1 as well as 28 U.S.C. §§ 1332, 1441, and 1446.

The Court has jurisdiction over this matter because the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332. In support of removal, Alterra states as follows:

**I.    INTRODUCTION, FACTUAL BACKGROUND, AND TIMELINESS OF
REMOVAL**

1.    Plaintiff Reem Bridals, LLC ("Reem") filed the Complaint in the State Court Action on or about August 19, 2025. A true and correct copy of the Complaint and any other pleadings, processes, or orders served on Alterra in the State Court Action, as well as the docket in such action, are attached hereto as **Exhibit A**.

2.    This action is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 1441.

3.    On August 21, 2025, Alterra was served with a copy of the Summons and Complaint.  Removal therefore is timely under 28 U.S.C. § 1446(b) because Alterra files this Notice of Removal within thirty (30) days of receipt of the Summons and Complaint.

4.    On August 22, 2025, Defendant The Burlington Insurance Company ("Burlington" and, together with Alterra, the "Defendants") was served with a copy of the Summons and Complaint.

## II.    <u>DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332</u>

5.    Original diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332, which provides that the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States . . . ."  28 U.S.C. § 1332(a).  As such, this matter can be removed to this Court pursuant to 28 U.S.C. § 1441.

6.    This action is between citizens of different states.

7.    Defendant Alterra is incorporated in Texas with its principal place of business located in Texas.  On information and belief, Plaintiff Reem is not a citizen of Texas.

8.    Burlington is incorporated in Illinois with its principal place of business located in Connecticut.  On information and belief, Plaintiff Reem is not a citizen of Illinois or Connecticut.

9.    Plaintiff Reem is a limited liability company organized under the laws of Delaware. Reem's principal place of business is in New York.  On information and belief, Reem is a wholly owned subsidiary of R.A. Luxury LLC, which is Reem's sole member.  On information and belief,

R.A. Luxury LLC's sole member is Ms. Reem Acra.  Ms. Acra is, on information and belief, a citizen of New York.

10.    Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11.    Plaintiff seeks indemnification from Defendants up to the limits of each of the Defendants' respective insurance policies, which, together, total $7,000,000.00.  Plaintiff further alleges that Defendants violated N.Y. Gen. Bus. Law § 349 and seeks damages totaling at least $7,000,000.00.  Accordingly, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12.    Because neither Alterra nor Burlington is a citizen of New York, the requirement of 28 U.S.C. § 1441(b) that no defendant properly joined and served is a citizen of the state in which the action was originally brought is satisfied.

13.    Finally, Burlington has joined in the removal of this action through its undersigned counsel.  Thus, the requirement of 28 U.S.C. § 1446(b)(2)(A) that all defendants who have been properly joined and served must join in or consent to the removal of the action is satisfied.

## III.    REMOVAL IS PROCEDURALLY PROPER

14.    Venue in this District is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of New York is the federal judicial district embracing the place where the State Court Action is pending.

15.    In accordance with 28 U.S.C. § 1446(d), Alterra will promptly provide written notice of the filing of this Notice of Removal to Reem and shall file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Supreme Court of New York,

New York County, where the State Court Action is currently pending. *See* Notice of Filing of Notice of Removal, attached hereto as **Exhibit B**.

16.    Alterra removes this action to this Court without waiver of any claims or defenses that may be available to it, all of which are expressly reserved.

17.    Based upon the foregoing, Alterra is entitled to remove this action to this Court under 28 U.S.C. §§ 1441, et seq.

**WHEREFORE,** Alterra respectfully removes this action from the Supreme Court of New York, New York County, to the United States District Court for the Southern District of New York.


Dated: September 19, 2025                    Respectfully Submitted,

                                                          **TROUTMAN PEPPER LOCKE LLP**


                                                          By: *s/ Daniel W. Cohen*

                                                              Daniel W. Cohen
                                                              875 3rd Ave
                                                              New York, NY 10022
                                                              (212) 704-6256
                                                              Dan.Cohen@troutman.com

                                                              Richard J. Pratt (*pro hac vice* forthcoming)
                                                              Matthew J. Griffin (*pro hac vice* forthcoming)
                                                              401 9th Street NW
                                                              #1000
                                                              Washington, DC 20004
                                                              (202) 662-2077
                                                              (202) 274-2949
                                                              Richard.Pratt@troutman.com
                                                              Matthew.Griffin@troutman.com

                                                              *Attorneys for Defendant Alterra America*
                                                              *Insurance Company n/k/a Pinnacle National*
                                                              *Insurance Company*

**ADRIAN & ASSOCIATES, LLC**

By: *s/ James Adrian*

James Adrian
330 East 48th Street
Second Floor
New York, NY 10017
(646) 632-3705
jim@adriancassidy.com

*Attorneys for Defendant The Burlington
Insurance Company*