# EXHIBIT B

www.courtreportingny.com

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

------------------------------------------------x

ROBERT CARLINO and ZINA HOWELL,

                              Plaintiffs,

            - against -

JOAN SHAPIRO, 246 MORGAN AVENUE CORP.,
d/b/a 246 MORGAN AVENUE CO, 1515 BEDFORD
AVENUE REALTY LLC, MJR CONSTRUCTION
SERVICES CORP., d/b/a MJR CONSTRUCTION
SERVICES and MICHAEL RUSSELL,

                              Defendants.

------------------------------------------------x

                              Wednesday
                              October 21, 2020
                              10:00 a.m.


        EXAMINATION BEFORE TRIAL VIA ZOOM of

   the witness, STEVEN RUSSELL, taken pursuant to

   Court Order, on the 21st day of October, 2020,

   before a Notary Public of the State of New York.




        ROCKLAND & ORANGE REPORTING
            2 Congers Road
        New City, New York  10956
            (845) 634-4200

Case 1:25-cv-07817-CM-RFT Document 14-3 Filed 09/25/25 Page 3 of 12

**www.courtreportingny.com**

2

A P P E A R A N C E S:


LAW OFFICE OF PETER A. HURWITZ, PLLC.
Attorney for the Plaintiffs
151 North Main Street, Suite 201
PO Box 624
New City, New York  10956
BY:  HERNAN CACERES, ESQ., OF COUNSEL


CAMACHO MAURO MULHOLLAND, LLP.
Attorneys for the Defendant
MJR CONSTRUCTION SERVICES CORP.,
d/b/a MJR CONSTRUCTION SERVICES and
STEVEN RUSSELL
40 Wall Street, 41st Floor
New York, New York  10005
(212)947-4999
BY:  ANDREA SACCO CAMACHO, ESQ.
File # GUTY-4201-W


CASCONE & KLUEPFEL, LLP.
Attorneys for Defendant Michael Russell
1399 Franklin Avenue, Suite 302
Garden City, New York  11530
BY:  ANTHONY J. PAGLIUCA, ESQ.
File # 04083DVB

Case 1:25-cv-07817-CM-RFT   Document 14-3   Filed 09/25/25   Page 4 of 12

3

STIPULATIONS

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties hereto, that:

All rights provided by the C.P.L.R., and Part 221 of the Uniform Rules for the Conduct of Depositions, including the right to object to any question, except as to form, or to move to strike any testimony at this examination is reserved; and in addition, the failure to object to any question or to move to strike any testimony at this examination shall not be a bar or waiver to make such motion at, and is reserved to, the trial of this action.

This deposition may be sworn to by the witness being examined before a Notary Public other than the Notary Public before whom this examination was begun, but the failure to do so or to return the original of this deposition to counsel, shall not be deemed a waiver of the rights provided by Rule 3116 of the C.P.L.R., and shall be controlled thereby.  The filing of the original of this deposition is waived.

IT IS FURTHER STIPULATED that a copy of this examination shall be furnished to the attorney for the witness being examined without charge.

Case 1:25-cv-07817-CM-RFT    Document 14-3    Filed 09/25/25    Page 5 of 12

4

Proceedings

THE STENOGRAPHER:  Good Morning.  My name is Debra Boggs.  I am a Shorthand Reporter and the deposition officer for today's deposition.

Today's date is October 21, 2020, and the time is approximately 10:27 a.m.

This is the deposition of MJR Construction Services Corp., d/b/a MJR Construction Services, by Steven Russell, in the matter of Robert Carlino and Zina Howell, Plaintiff, against, Joan Shapiro, 246 Morgan Avenue Corp., d/b/a 246 Morgan Avenue Co, 1515 Bedford Avenue Realty LLC, MJR Construction Services Corp., d/b/a MJR Construction Services and Michael Russell, Defendants.  This case is venued in Supreme Court of the State of New York for the County of Kings. The index number is 514322/2015.

I have collected everyone's appearances off the record and they will appear on the appearance page of the transcript.

Before we proceed, I will ask counsel to agree on the record that there is no objection to this deposition officer

Case 1:25-cv-07817-CM-RFT    Document 14-3    Filed 09/25/25    Page 6 of 12

5

Steven Russell

administering a binding oath to the witness

not appearing personally before me.

    MR. CACERES:  No objection.

    MS. SACCO CAMACHO:  No objection.

    MR. PAGLIUCA:  No objection.

S T E V E N   R U S S E L L,                    the

witness herein, having been first duly sworn or

affirmed by Debra Boggs, a Notary Public of

the State of New York, was examined and

testified as follows:

    THE COURT REPORTER:  Please state your

name for the record.

    THE WITNESS:  Steven Russell.

    THE COURT REPORTER:  Please state your

residence address.

    THE WITNESS:  1110 William Street,

Hewlett, New York  11557.

EXAMINATION BY

MR. CACERES:

    Q.  Morning, Mr. Russell.  Thank you for
being here.

    A.  Good morning.

    Q.  I am going to give you some
instructions to get started.  I will ask you to,

www.courtreportingny.com

12

Steven Russell

Q.    During the six to seven years that you have been employed by MJR, in what capacity were employed as?

A.    As a supervisor.

Q.    Supervisor of what, sir?

A.    Of demolition projects.

Q.    What training did you receive for demolition projects before being hired by MJR?

A.    Basically from experience, years of experience going back to '83.

Q.    So, you had some demolition project experience as early as 1983?

A.    Yeah.  For like Durite Demolition, Durite Maintenance and Service.

Q.    Before working for MJR services who did you work for?

A.    Durite Demolition.

Q.    How do you spell that, please?

A.    D-U-R-I-T-E, Demolition.

Q.    If you could give me a brief description of your duties as a supervisor of demolition projects back in March of 2013?

A.    Basically to go to the job, see it's daily progress.  To make sure the men were -- they

Case 1:25-cv-07817-CM-RFT    Document 14-3    Filed 09/25/25    Page 8 of 12

13

Steven Russell

are adhering to the proper procedures and sequence of the demolition project.

Q. For someone who is not as familiar as you are in the construction field, you indicated, to adhere to procedure. What does that mean?

A. All right. When you do a demolition, you take down a building, the Building Department gives you a commit based on the procedure and sequence that you're going to tear it down from top to bottom. You have to follow that. Now the inspector comes in and inspects, and they see you taking down something that's not in the sequence they stop the job.

Q. Is MJR Construction Services, are they still in business?

A. No.

Q. Before giving testimony this morning did you speak to anyone at MJR?

A. No.

Q. Do you know who are the owners of MJR?

A. Well, on paper it was my son, Mike Russell.

Q. What was the principal office or main office for the company?

Case 1:25-cv-07817-CM-RFT    Document 14-3    Filed 09/25/25    Page 9 of 12

14

Steven Russell

A.   Say that again.

Q.   What was the address to the offices of MJR?

A.   I guess it was 109 Ingraham, I-N-G-R-A-H-A-M, Street, Brooklyn New York.

Q.   Was there phone number 718-821-8218?

A.   I can't recall it off the head, but if that's -- yeah.

Q.   At this --

MS. SACCO CAMACHO:  Objection.  I don't want you to guess.  If that refreshes your recollection fine, but don't just say yes because he gave you a phone number.

A.   No.  Like I said, I can't recollect that the number.

Q.   That's fine, sir.  If you know, please, let me know.  If you don't know, let me know as well.

A.   Don't know the number.

Q.   Thank you.

Is it fair to say that while MJR was in business you went to their offices?

A.   Yes.

Q.   And do you know if the office had paper

www.courtreportingny.com

15

Steven Russell

files?

A.    Back then, yeah.

Q.    Would you know if those paper files were ever scanned?

A.    No.  I wouldn't know that.

Q.    Is it fair to say that MJR was a company engaged in construction projects?

A.    Yes.

Q.    Do you know when they first went into business?

A.    2008.

Q.    I know that you were supervisor for demolition, but I would like to know who was in charge of the company, was it your son Mr. Russell?

A.    No.  Basically me.

Q.    To your best recollection, back in March of 2013, how many employees were employed at MJR?

A.    I would say 15, sometimes 20.

Q.    Did each employee have a file?

A.    Yes.

Q.    Were these employees paid by check, direct deposit or something else?

A.    Check.

16

Steven Russell

MR. CACERES: Madam Reporter, if you could add to the list that I call for the production of employee files as well as copies of checks.

MS. SACCO CAMACHO: Follow up in writing. We will respond accordingly to the written -- but I will indicate now we will objecting as overbroad and unduly burdensome and beyond the scope.

A.   It's almost impossible.

Q.   Back in March of 2013, was the company hired to do work at a location known as 1515 Bedford Avenue in Brooklyn?

A.   Yes.

Q.   Was there a written contract governing the scope of the work?

A.   Yes.

Q.   Did you ever see that contract?

A.   I saw the scope of work, yes.

Q.   So, is it fair to say that you personally reviewed this contract before beginning the job?

MS. SACCO CAMACHO: Objection to form.

Q.   Did you look at the contract before the

68

C E R T I F I C A T I O N

I, Debra Boggs, a Stenotype Reporter and Notary Public within and for the State of New York, hereby certify:

That the witness whose examination is hereinbefore set forth was duly sworn or affirmed by a Notary Public and that the transcript of said examination is a true record of the testimony given by said witness; and

That I am not related to any of the parties to this action by blood or marriage, and I am in no way interested in the outcome of this matter.

Debra Boggs