# EXHIBIT C

www.courtreportingny.com

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

----------------------------------------------x

ROBERT CARLINO and ZINA HOWELL,

Plaintiffs,

- against -

JOAN SHAPIRO, 246 MORGAN AVENUE CORP.,
d/b/a 246 MORGAN AVENUE CO, 1515 BEDFORD
AVENUE REALTY LLC, MJR CONSTRUCTION
SERVICES CORP., d/b/a MJR CONSTRUCTION
SERVICES and MICHAEL RUSSELL,

Defendants.

----------------------------------------------x

Wednesday
January 4, 2021
11:00 a.m.

CONTINUED EXAMINATION BEFORE TRIAL VIA
ZOOM of the witness, STEVEN RUSSELL, on the 4th
day of January, 2021, before a Notary Public of
the State of New York.

ROCKLAND & ORANGE REPORTING
2 Congers Road, Suite 2
New City, New York  10956
(845) 634-4200

FILED: KINGS COUNTY CLERK 05/14/2021 12:19 PM        INDEX NO. 514322/2015
NYSCEF DOC. NO. 188                                    RECEIVED NYSCEF: 05/14/2021

70

A P P E A R A N C E S:

LAW OFFICE OF PETER A. HURWITZ, PLLC.
        Attorney for the Plaintiffs
        151 North Main Street, Suite 201
        PO Box 624
        New City, New York  10956
BY:  HERNAN CACERES, ESQ., OF COUNSEL


CAMACHO MAURO MULHOLLAND, LLP.
        Attorneys for the Defendant
        MJR CONSTRUCTION SERVICES CORP.,
        d/b/a MJR CONSTRUCTION SERVICES and
        STEVEN RUSSELL
        40 Wall Street, 41st Floor
        New York, New York  10005
        (212)947-4999
BY:  ANDREA SACCO CAMACHO, ESQ.
        File # GUTY-4201-W


CASCONE & KLUEPFEL, LLP.
        Attorneys for Defendant Michael Russell
        1399 Franklin Avenue, Suite 302
        Garden City, New York  11530
BY:  MICHELLE MEISELMAN, ESQ.
        File # 04083DVB

Case 1:25-cv-07817-CM-RFT    Document 14-4    Filed 09/25/25    Page 4 of 18

71

STIPULATIONS

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties hereto, that:

All rights provided by the C.P.L.R., and Part 221 of the Uniform Rules for the Conduct of Depositions, including the right to object to any question, except as to form, or to move to strike any testimony at this examination is reserved; and in addition, the failure to object to any question or to move to strike any testimony at this examination shall not be a bar or waiver to make such motion at, and is reserved to, the trial of this action.

This deposition may be sworn to by the witness being examined before a Notary Public other than the Notary Public before whom this examination was begun, but the failure to do so or to return the original of this deposition to counsel, shall not be deemed a waiver of the rights provided by Rule 3116 of the C.P.L.R., and shall be controlled thereby.  The filing of the original of this deposition is waived.

IT IS FURTHER STIPULATED that a copy of this examination shall be furnished to the attorney for the witness being examined without charge.

72

Proceedings

THE STENOGRAPHER: Good Morning. My name is Debra Boggs. I am a Shorthand Reporter and the deposition officer for today's deposition.

Today's date is January 4, 2021, and the time is approximately 11:19 a.m.

This is the continued deposition of MJR Construction Services Corp., d/b/a MJR Construction Services, by Steven Russell, in the matter of Robert Carlino and Zina Howell, Plaintiff, against, Joan Shapiro, 246 Morgan Avenue Corp., d/b/a 246 Morgan Avenue Co, 1515 Bedford Avenue Realty LLC, MJR Construction Services Corp., d/b/a MJR Construction Services and Michael Russell, Defendants. This case is venued in Supreme Court of the State of New York for the County of Kings. The index number is 514322/2015.

I have collected everyone's appearances off the record and they will appear on the appearance page of the transcript.

Before we proceed, I will ask counsel to agree on the record that there is no objection to this deposition officer

FILED: KINGS COUNTY CLERK 05/14/2021 12:19 PM

INDEX NO. 514322/2015

NYSCEF DOC. NO. 188

RECEIVED NYSCEF: 05/14/2021

Case 1:25-cv-07817-CM-RFT   Document 14-4   Filed 09/25/25   Page 6 of 18

82

Steven Russell

Q.   Since the last time you appeared for your testimony, have you had any contact with anyone connected in any way whatsoever to a company known as 1515 Bedford Avenue LLC?

A.   No.

Q.   And since the last time you appeared for testimony, have you had any contact with anyone related, affiliated or in any way connected to the owners of the property known as 1515 Bedford Avenue in Brooklyn, New York?

A.   No.

Q.   And just so I'm clear, I know that you identified the company as Marge.  But would you know if that is the legal name of the company or is there --

A.   In answer to that, I don't know.

Q.   When you had prior dealings with Marge, did you ever go to their offices?

A.   Yes.

Q.   Where were their offices located?

A.   I really can't recall.

Q.   Was it Brooklyn?

A.   I know Brooklyn, but I can't recall the exact address.  It's a while ago.

FILED: KINGS COUNTY CLERK 05/14/2021 12:19 PM
NYSCEF DOC. NO. 188

Case 1:25-cv-07817-CM-RFT    Document 14-4    Filed 09/25/25    Page 7 of 18

83

Steven Russell

Q.    That's okay.

Do you remember the name of the street?

A.    I think 15th Avenue.

Q.    15th Avenue.  What neighborhood would that be in Brooklyn?

A.    Borough Park.

Q.    Was it a house or a building?

A.    It was a house.

Q.    Could you describe the house for me?

A.    On top of a pizzeria.

Q.    Do you recall the name of the pizzeria?

A.    No.

Q.    Do you remember the nearest cross street to 15th Avenue?

A.    No.

Q.    Do you recall when was the last time you were at this particular office?

A.    I can't recall.

MR. CACERES:  I reserve my rights to further questions depending on what happens next.  Thank you.

MS. CAMACHO:  The attorney is going to ask you questions and he reserves the right to follow up on any questions that are

FILED: KINGS COUNTY CLERK 05/14/2021 12:19 PM
NYSCEF DOC. NO. 188
INDEX NO. 514322/2015
RECEIVED NYSCEF: 05/14/2021

84

Steven Russell

raised.

THE WITNESS:  Okay.

EXAMINATION BY

MS. MEISELMAN:

Q.  Good morning, Mr. Russell.  My name is Michelle Meiselman, and I represent Michael Russell in this action.

Are you familiar with Michael Russell?

A.  My cherished son.  And I say that with a happy face.

Q.  Is that I sarcastic happy face?

A.  No.  It's a genuine happy face.

Q.  What, overall, is the state of your relationship with Michael right now?

A.  We talk.

Q.  Are you on good terms with him right now?

A.  Yes.  We talk.

Q.  When was the last time you spoke with him?

A.  About -- New Years.

Q.  Did Michael have a position with MJR?

A.  Michael was just a figurehead with MJR, which was his consent.

Case 1:25-cv-07817-CM-RFT    Document 14-4    Filed 09/25/25    Page 9 of 18

85

Steven Russell

Q.   Did he engage in any of the business that MJR was doing with any contractors?

A.   At times.

Q.   Did Michael play any role in MJR at the time of the accident we're here for today, in March of 2013?

A.   Figurehead in a sense.  That's what I would say, figurehead.

Q.   Did he ever go to this project site?

A.   I can't recall.

Q.   Did he negotiate any of the contracts for this project?

A.   No.

Q.   Was Michael compensated for his role for his relationship with MJR?

A.   Michael was receiving a check every week.

Q.   Did Michael have any share of the profits or anything like that or was it just a salary?

A.   No.

Q.   So, he only received a salary?

A.   Yeah.

Q.   And did he receive a salary for the

86

Steven Russell

entire time MJR was in business?

A.   I can't recall, but pretty much to the end, yeah.

Q.   And I apologize if any of these questions were asked before.  I was not at the prior deposition, and I do not have a copy of the transcript, but I will try to make it brief.

A.   I never spoke to your prior attorney.

Q.   Right.  He didn't have a chance to question you.

A.   Right.

Q.   Okay.

Now, when did MJR dissolve?

A.   It hasn't been officially dissolved.

Q.   Is it still in business or no?

A.   No.  Not at all.

Q.   When was the last time MJR did any business?

A.   I cannot recall.  I can't recall.

Q.   Did Michael supervise any of the MJR employees?

A.   No.

Q.   Was he your supervisor for MJR?

A.   No.

87

Steven Russell

Q.    Did Michael instruct any MJR workers for the project that was ongoing in March of 2013?

A.    No.

Q.    I don't have that much.  I'm just looking through the other notes the other attorney gave me to make sure I cover things.

MS. CAMACHO:  That's okay.  Take your time.

Q.    All right.  I have one document that I'm going to show you.  Can you see this document?

A.    Yes.  That's true.  I know what it is.

MS. CAMACHO:  She just asked if you can see it.

Q.    Do you know what this document is?

A.    Yes.

Q.    What is it?

A.    Basically stating that I'm responsible for the following civil penalties in reference to the corporation from 2/10 to 2/12.

Q.    Do you see on the bottom, just above your signature, where it says, I have always been solely responsible for the financial and operating function of the company --

A.    Yes.

www.courtreportingny.com

88

Steven Russell

Q.    -- known as MJR Construction Services?

A.    Yes.

Q.    Is that your signature right underneath that?

A.    Yes.

Q.    And was that a truth statement --

A.    Yes.

Q.    -- when you signed it?  Okay.

MS. CAMACHO:  Are you going to mark it?

MS. MEISELMAN:  Yes.  I will.

MS. CAMACHO:  We can deem it marked, if you want.  And then you can send copies around.

MS. MEISELMAN:  Yes.  Okay.

MS. CAMACHO:  I think you need to mark it just for the record.

MS. MEISELMAN:  I will deem this marked as Exhibit, Defendants' A.

MS. CAMACHO:  For the record, you're looking at a one-page document, that it says at the top, tax payer, Steven A. Russell with his Social Security Number.  And at the bottom, if you can scroll down for me for a second.  There is a signature, which

**Rockland and Orange Reporting**
rowork@courtreportingny.com - (845) 634-4200

Case 1:25-cv-07817-CM-RFT    Document 14-4    Filed 09/25/25    Page 13 of 18

www.courtreportingny.com

89

Steven Russell

Mr. Russell indicated that is his signature with a date of August 2, 2016.  Correct?

MS. MEISELMAN:  Yes.  That will be deemed Exhibit A.  Yes.  Did you want to add something?

MS. CAMACHO:  No.  I just want to make sure it was marked and it was clear for the record what it is.

(Defendants' Exhibit A, one-page document, that it says at the top, tax payer, Steven A. Russell with his Social Security Number, was deemed marked for identification.)

MS. MEISELMAN:  I have no further questions.

A.    Very good.

MS. MEISELMAN:  Do you any further questions?

MR. CACERES:  I have a quick follow up.

FURTHER EXAMINATION BY

MR. CACERES:

Q.    So, I understand that Michael is your son; correct?

A.    Yes.

www.courtreportingny.com

90

Steven Russell

Q.    And just so that I'm clear, what are the duties of a person like in Michael's position as a figurehead for the company, what are the duties?

MS. CAMACHO:  Objection to form.  Are you asking him what Michael's duties were?  Because otherwise I don't understand the question you're asking.

MR. CACERES:  That's exactly what I asked.  I don't into why you don't understand it.

MS. CAMACHO:  So, the question is to the best of your recollection, what were Michael's duties and responsibilities at MJR?

A.    Michael's name to be used to incorporate the company.

Q.    Nothing else?

MS. MEISELMAN:  I have nothing further.  Thank you very much.

MR. CACERES:  I have a follow up with respect to the document.  I'm not done yet.

MS. MEISELMAN:  Do you want me to open it up again?  I pulled up the document.  Can you see it?  Mr. Russell, can you see it?

Case 1:25-cv-07817-CM-RFT    Document 14-4    Filed 09/25/25    Page 15 of 18

93

Steven Russell

Q.   And although you are not sure what happened or whether the computer is there or not, are there any other items that belonged to the office still at the location?

MS. CAMACHO:  Objection to form.  You can answer.

A.   No.  Everything was discarded.

Q.   Everything was what?

A.   Everything is gone.  Taken out.  Have no where where it is.  Goodbye.

Q.   When do you recall everything was made gone?

A.   I can't recall.

Q.   What were the circumstances that lead to you creating this particular document?

A.   My son had some issues with the taxes, which weren't his fault, they were mine.

Q.   To your knowledge, did MJR have a company policy or company procedure with respect to the retention or destruction of documents?

A.   Retention or destruction of what?

MS. CAMACHO:  Documents.

Q.   Documents?

A.   No.  There was no plan in effect.

94

Steven Russell

Q.   I think I may be done.  But let me just check my notes just to make sure.

I may have asked this, but I don't recall right now, have you had any conversations with Eugene in last 12 months?

A.   No.

Q.   And currently, what do you do for a living, if anything?

A.   I'm retired.

Q.   When did you become retired?

A.   Couple of years ago.

Q.   Prior to the documents being discarded or done away with, did you ever scan any of the documents that were eventually done away with?

MS. CAMACHO:  Objection to form.  Also, asked and answered, but I will let you answer it again.

A.   Never.  No.

MR. CACERES:  Thank you, sir, no more.

(A discussion was held off the record.)

FURTHER EXAMINATION BY

MS. MEISELMAN:

Q.   I wanted to clarify one thing, was Michael involved in running the company when it

Case 1:25-cv-07817-CM-RFT    Document 14-4    Filed 09/25/25    Page 17 of 18

95

Steven Russell

first began?

A.    Not at all.  Like I had a rubber stamp.

Q.    Okay.

So, you were the one running the company?

A.    Yeah.  Mike was in school.  He went to Saint John's University.

Q.    So, from start to finish it was you running the company and not Michael; correct?

A.    Yes.

MS. MEISELMAN:  Perfect.  Thank you very much.

(Time noted:  11:53 a.m.)

*    *    *    *

www.courtreportingny.com

Steven Russell

C E R T I F I C A T I O N

I, Debra Boggs, a Stenotype Reporter and Notary Public within and for the State of New York, hereby certify:

That the witness whose examination is hereinbefore set forth was duly sworn or affirmed by a Notary Public and that the transcript of said examination is a true record of the testimony given by said witness; and

That I am not related to any of the parties to this action by blood or marriage, and I am in no way interested in the outcome of this matter.

Debra Boggs
Debra Boggs

Rockland and Orange Reporting
rowork@courtreportingny.com - (845) 634-4200