# EXHIBIT K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------- x

R.A. LUXURY LLC, REEM BRIDALS LLC,    :    Index No. _____
REEM ACRA BOUTIQUE LLC,                   :    Date purchased _____

                                         :

             Plaintiffs,           :    Plaintiffs designate **New York** County as the
                                         :    place of trial. The bases of the venue is
         -against-           :    **Plaintiffs' residence and causes of action**
                                         :    **arose herein under C.P.L.R. § 503(a) or**
THE CHETRIT GROUP LLC, CORNELL    :    designation by Plaintiff under C.P.L.R. §
REALTY MANAGEMENT LLC, JCMC 245-247  :    503(a).
LLC, CORNELL 245-247 LLC a/k/a CORNELL  :
34 LLC, NORTH TRUE CONSTRUCTION     :    ***SUMMONS***
MANAGEMENT, LLC, MJR CONSTRUCTION    :
SERVICES CORP., and MARGE NY INC.,      :

                                         :

             Defendants.         :

                                         :

-------------------------------------------------------------- X

To the above named Defendants:

    ***YOU ARE HEREBY SUMMONED*** and required to serve upon the Plaintiffs'

attorney an answer to the annexed complaint of the Plaintiffs, which is herewith served upon

you, within twenty days after the service thereof, exclusive of the day of service, or within thirty

days after service is complete if service is made by any method other than personal delivery to

you within the State of New York.  In case of your failure to answer, judgment will be taken

against you by default for the relief demanded in the complaint.

Dated: New York, New York                 **STORCH AMINI & MUNVES PC**
        January 14, 2016

                                         By: _____
                                              Bijan Amini
                                              Jaime Leggett
                                              2 Grand Central Tower
                                              140 East 45th Street, 25th Floor
                                              New York, NY 10017
                                              (212) 490-4100
                                              *Attorneys for Plaintiff*

Defendants' Addresses:

The Chetrit Group LLC
c/o Corporation Service Company
80 State Street
Albany, NY 12207-2543

Cornell Realty Management LLC
c/o New York Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

JCMC 245-247 LLC
c/o New York Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

Cornell 245-247 LLC
c/o New York Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

North True Construction Management, LLC
c/o New York Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

MJR Construction Services Corp.
c/o New York Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

Marge NY Inc.
c/o New York Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

CC:

The Chetrit Group LLC
512 7th Ave., 15th Floor
New York, NY 10018

The Chetrit Group LLC
c/o Matthew S. Aboulafia, Esq.
Aboulafia Law Firm LLC
228 E. 45th Street, Suite 1700
New York, NY 10017

Cornell Realty Management LLC
209 Wallabout St., 3rd Floor
Brooklyn, NY 11206

Cornell Realty Management LLC
75 Huntington St.
Brooklyn, NY 11231

Cornell Realty Management LLC
c/o Matthew S. Aboulafia, Esq.
Aboulafia Law Firm LLC
228 E. 45th Street, Suite 1700
New York, NY 10017

JCMC 245-247 LLC
c/o Joseph Chetrit
The Chetrit Group LLC
512 7th Ave., 15th Floor
New York, NY 10018

Cornell 245-247 LLC
c/o The Limited Liability Company
75 Huntington St.
Brooklyn, NY 11231

North True Construction Management, LLC
c/o Goldberg & Rimberg PLLC
115 Broadway, Suite 302
New York, NY 10006

North True Construction Management, LLC
217 Havemeyer St.
Brooklyn, NY 11211

3

MJR Construction Services Corp.
109 Ingraham St., Suite 308
Brooklyn, NY 11237

Marge NY Inc.
5320 16th Ave.
Brooklyn, NY 11204

Marge NY Inc.
1644 57th St.
Brooklyn, NY 11204

Marge NY Inc.
c/o James A. Roth
Hoffman Roth & Matlin LLP
505 Eighth Ave., Suite 1704
New York, NY 10018

Arch Specialty Insurance Company
One Liberty Plaza, 53rd Floor
New York, NY 10006
(Insured: Cornell 245-247 LLC; JCM 245-247 LLC
Policy No.: AGL000805400)

Arch Specialty Insurance Company
c/o William D. Deveau, Esq.
Connfell Foley LLP
Harborside Financial Center
2510 Plaza Five
Jersey City, NJ 07311

State National Insurance Company
190 L. Don Dodson Drive
Bedford, TX 76021
(Insured: Cornell 245-247 LLC; JCMC 245-247 LLC)

The Burlington Insurance Company
238 International Road
Burlington, NC 27215
(Insured: MJR Construction Services Corp.
Policy Nos.: 509BW27687, 509BW29682)

4

Alterra America Ins. Co.
P.O. Box 2009
Glen Allen, VA 23058
(Insured: MJR Construction Services Corp.
Policy No.: MXXA3EC50001169)

Berkley Ins. Co.
475 Steamboat Road
Greenwich, CT 06830
(Insured: Marge NY Inc.
Policy No.: PEIECC16885200)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------x

R.A. LUXURY LLC, REEM BRIDALS LLC,   :
REEM ACRA BOUTIQUE LLC,      :
              :
      Plaintiffs,     :  Index No. _____
              :
   -against-       :
              :  **COMPLAINT**
THE CHETRIT GROUP LLC, CORNELL REALTY :
MANAGEMENT LLC, JCMC 245-247 LLC,   :
CORNELL 245-247 LLC a/k/a CORNELL 34 LLC, :
NORTH TRUE CONSTRUCTION MANAGEMENT, :
LLC, MJR CONSTRUCTION SERVICES CORP., and :
MARGE NY INC.,        :
              :
      Defendants.    :

------------------------------------------------------------------------x

Plaintiffs R.A. Luxury LLC ("R.A. Luxury"), Reem Bridals LLC (Reem Bridals") and

Reem Acra Boutique LLC ("Reem Acra Boutique") (collectively, "Plaintiffs"), by and through

its undersigned counsel, as for its Complaint against Defendants The Chetrit Group LLC

("Chetrit"), Cornell Realty Management LLC ("Cornell"), JCMC 245-247 LLC ("JCMC"),

Cornell 245-247 LLC a/k/a Cornell 34 LLC ("Cornell 245-247"), North True Construction

Management, LLC ("NTCM"), MJR Construction Services Corp. ("MJR"), and Marge NY Inc.

(("Marge"), and together with Chetrit, Cornell, JCMC, Cornell 245-247, NTCM, and MJR,

"Defendants"), allege as follows:

## I. **INTRODUCTION**

1. This is an action to recover on account of damages caused to Plaintiffs' valuable

property destroyed and damaged by a fire negligently caused by Defendants.  Such property

includes, but is not limited to, the one-of-a-kind bridal gowns designed for Reem Bridal's Spring

2015 Bridal Collection which were in the final stage of completion at the time of the fire,

approximately three hundred evening wear and bridal gowns that were completed and awaiting shipment to various retail clients and wholesale accounts, over two-hundred and fifty evening wear, dresses and gowns  that were in the final stages of completion, over six hundred pieces of ready to wear apparel and bridal gowns in general inventory, over seventeen thousand yards of fabric, and a collection of over two thousand luxury bridal gowns, couture gowns and apparel, ready to wear and evening wear as well as accessories and related items, all of Reem Bridal's proprietary patterns developed over a period of two decades, and hundreds of pieces of custom embroidery, lace, leather and fur with an aggregate cost basis of significantly in excess of $21,000,000.

2.     As more fully described below, Defendants caused the fire in the course of demolishing an adjacent building by using improper and dangerous methods and equipment, exacerbated the fire by failing to notify the fire department in a timely fashion, and then misrepresented the cause of the fire to the fire department.

## II.  <u>PARTIES</u>

3.     R.A. Luxury LLC is a Delaware limited liability company with its principal design and production facility at 240 W. 35th Street, New York, New York 10001 and its principal place of business at 730 Fifth Avenue, New York, New York 10019.

4.     Reem Bridals LLC is a Delaware limited liability company with its principal design and production facility at 240 W. 35th Street, New York, New York 10001 and its principal place of business at 730 Fifth Avenue, New York, New York 10019.  Reem Bridals LLC is a wholly-owned subsidiary of R.A. Luxury LLC.

5.     Reem Acra Boutique LLC is a Delaware limited liability company with its principal design and production facility at 240 W. 35th Street, New York, New York 10001 and its principal

2

place of business at 730 Fifth Avenue, New York, New York 10019.  Reem Acra Boutique LLC is a wholly-owned subsidiary of R.A. Luxury LLC.

6.     Upon information and belief, Chetrit is a New York limited liability company with its principal place of business in New York.

7.     Upon information and belief, Cornell is a New York limited liability company with its principal place of business in New York.

8.     Upon information and belief, JCMC is a New York limited liability company with its principal place of business in New York.

9.     Upon information and belief, Cornell 245-247 is a New York limited liability company with its principal place of business in New York.

10.    Upon information and belief, NTCM is a New York limited liability company with its principal place of business in New York.

11.    Upon information and belief, MJR is a corporation organized under the laws of the State of New York with its principal place of business in New York.

12.    Upon information and belief, Marge is a corporation organized under the laws of the State of New York with its principal place of business in New York.

### III.  JURISDICTION AND VENUE

13.    Jurisdiction is proper under N.Y. C.P.L.R. 301 and 302.

14.    Venue is proper under N.Y. C.P.L.R. 503.

### IV.  GENERAL ALLEGATIONS

15.    The Reem Acra brand was launched by Reem Acra in 1997 and since such time, Plaintiffs have become an established, recognized and successful international designer brand, manufacturer, wholesaler and retailer of women's luxury apparel. Synonymous with luxury and

glamour, Plaintiffs' apparel is sold throughout the world by high-end retailers such as Bergdorf Goodman, Neiman Marcus, Nordstrom's, Saks Fifth Avenue, Bloomingdale's, Harrods, and Harvey Nichols, as well as at its private boutique on Fifth Avenue in New York City. Plaintiffs also design and sell luxury accessories and are recognized internationally as one of the world's best known bridal gown fashion design brands. The Reem Acra brand is a favorite of the rich and famous, including many celebrities, and is a red-carpet staple.

16.    Reem Bridals is the sole tenant of the seventh floor of the building located at 240 West 35th Street, New York, New York 10001 (the "Premises"). At the Premises, Plaintiffs design, manufacture, distribute, and maintain their inventory of luxury women's apparel – including bridal, couture, evening wear, ball gowns, one-of-a-kind apparel, and its ready to wear lines of apparel – and warehouse substantial and valuable inventory such as fabric, jewels, lace, fur, leather, embroidery, shoes, and valuable and proprietary patterns for the design and manufacture of such apparel, as well as over two thousand items of luxury and custom apparel from prior design collections.

17.    Adjacent to the Premises is a two-story former Conway department store building located at 245-47 West 34th Street, New York, New York 10018 (the "Premises of Origin").

18.    Upon information and belief, on or about January 2014, Chetrit and Cornell, via JCMC and Cornell 245-247 as 50% co-owners, purchased the Premises of Origin in order to demolish the existing structure and build a seventeen-story mixed-use building. Upon information and belief, on or about March 12, 2014, NTCM filed or caused to be filed an application with the New York City Department of Buildings listing itself as the "owner" of the Premises of Origin.

19.     Upon information and belief, JCMC and Cornell 245-247 are mere instrumentalities of and are operated, dominated, and controlled wholly by Chetrit and Cornell, respectively.

20.     Upon information and belief, on or about March 27, 2014, Chetrit, Cornell, JCMC, and Cornell 245-247 were operators, managers, and/or entities in custody and/or control of the Premises of Origin.

21.     Upon information and belief, on or about March 27, 2014, MJR and Marge were engaged to serve as contractors for the demolition work.  Upon information and belief, Marge was engaged to perform the work pursuant to a written contract between Cornell 245-247 and/or JCMC, on the one hand, and Marge, on the other hand, dated February 5, 2014.

22.     On and prior to March 27, 2014, Defendants caused, permitted, and allowed a dangerous and unreasonably unsafe condition to exist at the Premises of Origin, including – but not limited to – the reckless, careless, and negligent use of a torch.  Upon information and belief, Defendants had actual and constructive knowledge of such dangerous unsafe conditions.

23.     Upon information and belief, on March 27, 2014, two workers from MJR, Marge, and/or NTCM were performing demolition work at the Premises of Origin on behalf of Chetrit, Cornell, JCMC, and Cornell 245-247.  Upon information and belief, the demolition work involved, among other things, using blow torches to cut through I-beams immediately below the roof.  Upon information and belief, MJR, Marge, and/or NTCM used the wrong type of blow torches for the work and failed to take the proper precautions to prevent the ignition of a fire from the use of their blow torches, including using a proper fire watch and complying with the applicable statutes, rules, regulations, and ordinances concerning such demolition.  In addition, upon information and belief,

5

MJR, Marge, and/or NTCM had not obtained the necessary permits to perform such work as required by the New York City Fire Code.

24.     On the morning of March 27, 2014, a two-alarm fire broke out in the roof and cockloft area of the Premises of Origin as a result of the improper use of the blow torches (the "Fire").

25.     Upon information and belief, neither MJR nor Marge took any action to alert the New York City Fire Department of the Fire before third parties notified the Fire Department.

26.     After being called by a third party, more than one hundred fire fighters and at least a dozen fire trucks from the New York City Fire Department responded to the two-alarm fire at the Premises of Origin and, after some time, were able to extinguish the Fire.

27.     The New York City Fire Department determined that the Fire originated on the roof of the building from "slag" (or sparks) generated from cutting through the I-beam at the location where the demolition work was being performed.  The Fire spread through combustible materials in the roof and also extended to the cockloft area below the roof.  However, upon information and belief, the two workers performing the demolition work at the Premises of Origin originally told the New York City Fire Department that the Fire had started before they arrived at the Premises of Origin that morning.

28.     The effects of the Fire were not limited to the Premises of Origin.  The smoke and soot from the Fire was substantial and spread from the Premises of Origin and entered the adjacent Premises, necessitating the immediate evacuation of the Premises and medical treatment for certain of Plaintiffs' employees.

29.     The smoke and soot from the Fire also contaminated virtually all of Reem Bridals', R.A. Luxury's, and Reem Acra Boutique's product on site including, but not limited to, the one-

6

of-a-kind bridal gowns designed for the Reem Bridal's Spring 2015 Bridal Collection which were in the final stage of completion at the time of the Fire, approximately three hundred evening wear and bridal gowns that were completed and awaiting shipment to various retail clients and wholesale accounts, over two hundred and fifty evening wear and wedding gowns that were in the final stages of completion, over six hundred pieces of ready to wear apparel and bridal gowns in general inventory, over seventeen thousand yards of fabric, hundreds of pieces of custom embroidery, all of Reem Bridals' proprietary patterns developed over a period of two decades, and a valuable design archive library consisting of a collection of over two thousand luxury bridal gowns, couture gowns and apparel, ready to wear apparel, and evening wear as well as accessories and related items (the "Design Archive Library").  Contaminated by the smoke and soot from the Fire, Reem Bridals' Design Archive Library was rendered unusable, as was all of its extensive inventory of luxury fabrics, silks, lace, furs, embroidery, and shoes, all of which is now degrading at an accelerated rate.  The damage cannot be remediated through professional cleaning because of the quality and construction of the items along with the nature of the soot.  The paper patterns developed over the course of two decades are no longer useable for the creation of any of the Reem Bridals' future design collections, nor can they be used to craft new patterns due to the soot spoliation of the paper.

30.    The creation of the Design Archive Library required nearly two decades of effort as well as creative and unique design expertise, expensive materials, tens of thousands of hours of labor, specialized skills, and worldwide travel. Excluding potential sales and the significant historical value, on a cost basis alone, the Design Archive Library alone (excluding Plaintiffs' other damaged property) has a value of over $15,000,000.  Further, the Design Archive Library was used by Plaintiffs to assist with the creation and production of new apparel collections, to

facilitate marketing efforts by loaning out gowns to high-profile celebrities, actresses, dignitaries, and others, and portions of which were often used in retail display windows and at certain fashion show and other events.  Due to the damage sustained by the Fire, the Design Archive Library can no longer be used for any of such purposes.

31.     Due to the extreme amount of smoke and soot at the Premises, after the Fire was finally extinguished, the Premises had to remain unoccupied during the smoke remediation and Premises cleaning process and, as a result, Plaintiffs' business was interrupted shortly before the April 2014 New York Fashion Week, a critical fashion event and key to the sales and marketing of Reem Bridal's design collections.  A professional cleaning crew was hired by Plaintiffs in an attempt to remove the soot and smoke from the Premises, including the furnishings, and fixtures, over the course of several days.  The costs of the professional cleaning totaled over $52,000.

32.     On or about April 4, 2014 and again on or about April 16, 2014, Defendants were placed on notice in writing that the Premises of Origin were required to be maintained in its existing condition to allow for a full investigation of the causes and effects of the Fire.  Nonetheless, after that date and ignoring those notices, Defendants removed and disposed of important and substantial evidence from the Premises of Origin, and carried out additional demolition work to alter the exact site of the origin of the Fire.

33.     In fact, Defendants did not permit an investigation of the Fire to be conducted by Plaintiffs' insurer until compelled by court issued orders requiring pre-action discovery in the proceeding captioned as *Reem Bridals, LLC v. The Chetrit Group, Cornell Realty Management LLC, MJR Construction Services Corp., and Marge NY Inc.*, Index No. 154673/2014.  The resulting investigation by Plaintiffs' experts confirmed the findings of the New York City Fire Department.

34.     Upon information and belief, on or about March 18, 2015, JCMC and Cornell 245-247 obtained a valuable right to purchase a nearby real property parcel.  Upon information and belief, on about December 28, 2015, Chetrit, Cornell, JCMC, and/or Cornell 245-247 effectuated a transaction pursuant to which the nearby parcel was instead transferred to affiliated entities of Chetrit, Cornell, JCMC, and/or Cornell 245-247, and the Premises of Origin was transferred to the owner of the nearby parcel.  Upon information and belief, the transaction was structured to attempt to minimize the exposure of Chetrit, Cornell, JCMC, and Cornell 245-247 to Plaintiffs.

**COUNT I – <u>NEGLIGENCE</u>**

35.     Plaintiffs hereby reallege and incorporate paragraphs one through thirty-four of the Complaint herein by reference as if fully set forth herein.

36.     Defendants were aware of the risks posed by the demolition of the Premises of Origin and had a duty to Plaintiffs to take reasonable protections against those risks, including fires.

37.     The aforementioned duties were non-delegable.

38.     The Fire was caused by the willful, wanton, reckless, and/or negligent actions and/or inactions of Defendants and/or their respective employees, agents, servants, and/or contractors.

39.     The Fire and resulting smoke and soot caused substantial real and personal property damage, business interruption damage, loss of income, and other expenses totaling an amount to be determined at trial, but of at least $21,000,000.

**COUNT II – <u>TRESPASS</u>**

40.     Plaintiffs hereby reallege and incorporate paragraphs one though thirty-nine above, as if fully set forth herein.

9

41.     The Fire was caused by the willful, wanton, reckless, and/or negligent actions and/or inactions of Defendants and/or their respective employees, agents, servants, and/or contractors.

42.     As a result of the Fire, smoke and soot traveled into the Premises and contaminated both the Premises and the personal property located therein, all without Plaintiffs' consent.

43.     The smoke and soot from the Fire caused substantial real and personal property damage, business interruption damage, loss of income, and other expenses totaling an amount to be determined at trial, but of at least $21,000,000.

COUNT III – <u>PRIVATE NUISANCE</u>

44.     Plaintiffs hereby reallege and incorporate paragraphs one though forty-three above, as if fully repeated herein.

45.     The Fire was caused by the willful, wanton, reckless, and/or negligent actions and/or inactions of Defendants and/or their respective employees, agents, servants, and/or contractors, leading smoke and soot to enter the Premises.

46.     The smoke and soot constituted an unreasonable nuisance because they forced the evacuation of the Premises, required medical treatment for certain of Plaintiffs' employees, and damaged real and personal property belonging to Plaintiffs at the Premises.

47.     The smoke and soot caused substantial real and personal property damage, business interruption damage, loss of income, and other expenses totaling an amount to be determined at trial, but of at least $21,000,000.

COUNT IV – <u>GROSS NEGLIGENCE, RECKLESSNESS, AND/OR WILLFUL AND WANTON MISCONDUCT</u>

48.     Plaintiffs hereby reallege and incorporate paragraphs one though forty-seven above, as if fully repeated herein.

10

49.     Defendants knew or should have known that failing to properly perform torch operations would create a dangerous and ultra-hazardous condition at the Premises of Origin, which would risk the loss of life, limb, and/or property, requiring a degree of care beyond that of simple ordinary care.

50.     Defendants' activities regarding the performance of torch operations were in complete disregard for the rights and safety of Plaintiffs, and the consequences thereof.

51.     Despite Defendants' knowledge, Defendants intentionally, grossly, willfully, wantonly, and/or recklessly failed to perform the torch operations and to take proper precautions for such operations.

52.     Defendants' conduct regarding the performance of the torch operations were highly unreasonable, an extreme departure from ordinary care, grossly negligent, willful, wanton, and/or reckless.

53.     Defendants' conduct regarding the performance of the torch operations presented a grave risk not only to Plaintiffs, but also to the general public.

54.     Defendants' failure to abide by the duty of care owed to Plaintiffs was in and of itself an extreme departure from ordinary care.

55.     Defendants did not act out of mere mistake resulting from inexperience, excitement, confusion, thoughtlessness, inadvertence, or simple inattention.

56.     The Fire was caused by the conduct of Defendants and/or their respective employees, agents, servants, and/or contractors, which was highly unreasonable, an extreme departure from ordinary care, grossly negligent, willful, wanton, and/or reckless.

57.     The Fire and resulting smoke and soot caused substantial real and personal property damage, business interruption damage, loss of income, and other expenses totaling an amount to be determined at trial, but of at least $21,000,000, plus punitive damages.

## COUNT V – NEGLIGENCE *PER SE*

58.     Plaintiffs hereby reallege and incorporate paragraphs one though fifty-seven above, as if fully repeated herein.

59.     Defendants were in violation of regulations, codes, requirements, ordinances, and/or laws of the State of New York and other governmental bodies by improperly performing the torch operations, failing to perform a proper fire watch, and otherwise failing to safeguard property from fire damage.

60.     The Fire was caused by the failure of Defendants and/or their respective employees, agents, servants, and/or contractors to follow such regulations, codes, requirements, ordinances, and/or laws.

61.     As a result of the aforementioned violations of regulations, codes, requirements, ordinances, and/or laws, Defendants are liable to Plaintiffs under the doctrine of negligence *per se*.

62.     The Fire and resulting smoke and soot caused substantial real and personal property damage, business interruption damage, loss of income, and other expenses totaling an amount to be determined at trial, but of at least $21,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Reem Bridals prays as follows:

(A)    that the Court enter judgment in favor of Plaintiffs and against Defendants in an

amount to be determined at trial of not less than $21,000,000, plus punitive damages;

and

(B)    for all other relief that is just and proper.

Dated: New York, New York
      January 14, 2016

STORCH AMINI & MUNVES PC

By: _____
    Bijan Amini
    Jaime B. Leggett
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
Tel: (212) 490-4100
*Attorneys for Plaintiffs*

13