## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Reem Bridals, LLC,

                          Plaintiff,

      v.

The Burlington Insurance Company and Alterra
America Insurance Company,

                          Defendants.

Case No.  1:25-cv-07817-CM

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT ALTERRA AMERICA INSURANCE COMPANY N/K/A PINNACLE NATIONAL INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

In support of Defendant Alterra America Insurance Company n/ka Pinnacle National Insurance Company's ("Alterra") Motion to Dismiss, Alterra hereby respectfully requests that the Court take notice of the adjudicative facts discussed herein.  Pursuant to Fed. R. Evid. 201(b)(2), federal courts may grant judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Courts routinely do so in deciding 12(b)(6) motions.  Indeed, "[i]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998); *see also Robbins v. Candy Digital Inc.*, No. 23-cv-10619 (LJL), 2025 WL 2391039, at *6 (S.D.N.Y. Aug. 18, 2025) (noting that "[a] court may take judicial notice of matters of public record, including pleadings, testimony, and decisions in prior state court adjudications, on a motion pursuant to Rule 12(b)(6)").  "Generally, '[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken.'" *Mosdos Chofets Chaim, Inc. v. Vill. of Wesley*

*Hills*, 815 F. Supp. 2d 679, 691 (S.D.N.Y. 2011). A document is incorporated by reference when the complaint makes "a clear, definite and substantial reference" to it. *Id.* Alterra specifically requests that the Court take judicial notice of the following pleadings, filings, exhibits, and documents:

1.      The March 21, 2017 Order Granting Alterra's Motion to Intervene (the "Intervention Order") in the action captioned *The Burlington Insurance Company, et al. v. MJR Construction Services Corp.*, Index No. 653129/2016 (N.Y. Sup. Ct. N.Y. Cnty.) (the "Fraud and Forgery Action"). A true and correct copy of the Intervention Order is attached as **Exhibit E** to the Declaration of Daniel W. Cohen, which is marked as Exhibit 1 to Alterra's Memorandum in Support of Its Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) (the "Cohen Declaration").

2.      The March 28, 2017 Intervenor Complaint of Alterra (the "Intervenor Complaint") in the Fraud and Forgery Action. A true and correct copy of the Intervenor Complaint is attached as **Exhibit F** to the Cohen Declaration.

3.      The December 21, 2017 Order Granting Alterra's Motion for Default and Declaratory Judgment (the "December 2017 Default Judgment") in the Fraud and Forgery Action, which was referred to in ¶ 32 of Reem Bridals, LLC's ("Reem" or "Plaintiff") Complaint filed in the above-captioned action (the "Reem Complaint"). A true and correct copy of the December 2017 Default Judgment is attached as **Exhibit G** to the Cohen Declaration.

4.      The February 16, 2018 Amended Order Granting Alterra's Motion for Default and Declaratory Judgment (the "February 2018 Amended Default Judgment") in the Fraud and Forgery Action. A true and correct copy of the February 2018 Amended Default Judgment is attached as **Exhibit H** to the Cohen Declaration.

5.      The April 9, 2018 Corrected Order Granting Alterra's Motion for Default and Declaratory Judgment (the "April 2018 Corrected Default Judgment") in the Fraud and Forgery Action.  A true and correct copy of the April 2018 Corrected Default Judgment is attached as **Exhibit I** to the Cohen Declaration.

6.      Exhibit 12 to Alterra's Motion for Default and Declaratory Judgment (the "2016 Reservation of Rights Letters Packet") in the Fraud and Forgery Action.  A true and correct copy of the 2016 Reservation of Rights Letters Packet is attached as **Exhibit J** to the Cohen Declaration.

7.      The Summons and Complaint of plaintiffs R.A. Luxury LLC, Reem Bridals LLC, and Reem Acra Boutique LLC (the "Underlying Smoke and Soot Complaint") in the action captioned *R.A. Luxury LLC, et al. v. The Chetrit Group LLC, et al.*, Index No. 150365/2016 (N.Y. Sup. Ct. N.Y. Cnty.), which was referred to in ¶ 11 of the Reem Complaint.  A true and correct copy of the Underlying Smoke and Soot Complaint is attached as **Exhibit K** to the Cohen Declaration.

Accordingly, Alterra respectfully requests the Court to take judicial notice of the publicly filed pleadings, filings, exhibits, and documents identified above.

Dated: September 25, 2025                    Respectfully Submitted,

                                            **TROUTMAN PEPPER LOCKE LLP**


                                            By: *s/ Daniel W. Cohen*
                                               Daniel W. Cohen
                                               875 3rd Ave
                                               New York, NY 10022
                                               (212) 704-6256
                                               Dan.Cohen@troutman.com

                                               Richard J. Pratt (admitted *pro hac vice*)
                                               Matthew J. Griffin (admitted *pro hac vice*)

401 9th Street NW
#1000
Washington, DC 20004
(202) 662-2077
(202) 274-2949
Richard.Pratt@troutman.com
Matthew.Griffin@troutman.com

*Attorneys for Defendant Alterra America
Insurance Company n/k/a Pinnacle National
Insurance Company*