UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

REEM BRIDALS, LLC,

**Case No.: 1:25-cv-07817-CM**

Plaintiff,

-against-

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

THE BURLINGTON INSURANCE COMPANY AND
ALTERRA AMERICA INSURANCE COMPANY,

Defendants.

_____X

WHEREAS, all parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"), such as competitively sensitive commercial data or non-public financial, actuarial, premium, pricing, or business information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" or something substantially similar.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-referenced action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party

1

may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.  Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  The requesting party and counsel, including in-house counsel;

    b.  Employees of such counsel assigned to and necessary to assist in the litigation;

    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

    e.  Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.  Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.  Inform the person of the confidential nature of the information or documents;

    b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.  Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.  The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential

Information.  If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal.  For requests to file information under seal, the parties shall follow the individual rules of Judge McMahon for whom the information is being submitted, as well as Section 6 of the  Court's ECF Rules & Instructions.

10. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind

3

the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that Person's counsel by the report.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. This Order will remain in effect even after the conclusion of the litigation. The Court will continue to have jurisdiction to enforce this Order. Any intentional violation of this Order may lead to sanctions, including a finding of contempt.

**SO STIPULATED AND AGREED.**

  Dated: February 18, 2026
       New York, NY


_/s/ Ariel B. Moore_____                   /s/ James M. Adrian_____
Counsel for Plaintiff Reem                            Counsel for Defendant Burlington


_/s/ Daniel W. Cohen_____
Counsel for Alterra           **Dated: February 19, 2026**   SO ORDERED
                                **New York, NY**

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

REEM BRIDALS, LLC,

                       Plaintiff,

       -against-

THE BURLINGTON INSURANCE COMPANY AND
ALTERRA AMERICA INSURANCE COMPANY,

                    Defendants.

_____X

**Case No.: 1:25-cv-07817-CM**

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

    Dated: _____, 20

    _____        _____
    Name (printed)                   Signature

    Signed in the presence of:

5

_____
(Attorney)

6